AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### District of New Jersey

| | |
|---|---|
| United States of America<br>v.<br>Noel Gonzalez<br><br>*Defendant(s)* | )<br>)<br>) Case No. 25-mj-4024 (MJS)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 6, 2025__ in the county of __Camden__ in the _____ District of __New Jersey__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a)(1) and (b)(1)(C) | See Attachment A |

This criminal complaint is based on these facts:
See Attachment B

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Christopher Nielsen, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4-29-25

_____
*Judge's signature*

City and state: Camden, New Jesrey

Hon. Matthew J. Skahill, USMJ
*Printed name and title*

CONTENTS APPROVED
UNITED STATES ATTORNEY

By: *Andrew B. Johns*
Andrew B. Johns
Assistant U.S. Attorney

Date: April 29, 2025

## ATTACHMENT A

### COUNT ONE

<u>Distribution of Fentanyl</u>

On or about April 6, 2025, in Camden County, in the District of New Jersey, and elsewhere, the defendant,

### NOEL GONZALEZ,

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propenamide (fentanyl), a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## ATTACHMENT B

1. I, Christopher Nielsen, am a Special Agent with the Drug Enforcement Administration (DEA). The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested Criminal Complaint and does not set forth all of my knowledge about this matter nor does it identify all information known by the Government concerning this investigation. Except as otherwise indicated, the actions, conversations, and statements of others identified in this Affidavit are reported in substance and in part. Similarly, where events are described with references to dates and times, the events should be read as having occurred on or about or at or about the date and time referenced.

2. On April 6, 2025, an undercover law enforcement officer ("the UC") purchased ten bags of suspected fentanyl and/or heroin from GONZALEZ. The UC parked their vehicle near the intersection of Chestnut Street and Third Street in Camden, New Jersey. The UC then walked to the 300 block of Chestnut Street and observed NOEL GONZALEZ, who appeared to be engaged in drug trafficking activities. The UC then approached GONZALEZ and asked for $100 worth of drugs. GONZALEZ then sold the UC ten small clear zip-lock-style bags, each containing a blue wax fold. Each wax fold contained a white powdery substance. The UC gave GONZALEZ $100 in exchange for the ten bags of suspected drugs. Based on my training and experience, the packaging and appearance of the drugs was consistent with fentanyl and/or heroin. Additionally, the packaging and appearance of the suspected drugs was also consistent with other bags drugs that were recently purchased from the 300 block of Chestnut Street and found by a laboratory to contain fentanyl and/or heroin.

3. After purchasing the narcotics, the UC returned to their vehicle and drove away from the area to a preplanned debriefing location. There, the UC the turned over the suspected narcotics they had purchased from GONZALEZ to other law enforcement agents. Laboratory testing of the suspected drugs purchased from GONZALEZ is pending.